UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| GRANT COUNTY BLACK SANDS IRRIGATION DISTRICT (GCBSID), a Washington municipal corporation; and WILLIAMSON LAND COMPANY, a Washington Corporation,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA; BUREAU OF RECLAMATION; DIRK KEMPTHORNE, Secretary of the Interior of the United States of America; WILLIAM E. RINNE in his individual capacity; WILLIAM E. RINNE, Acting Commissioner of the Bureau of Reclamation; J. WILLIAM MCDONALD in his individual capacity; J. WILLIAM MCDONALD, in his capacity as Regional Director of the Pacific Northwest Region of the Bureau of Reclamation,<br><br>Defendants. | NO. CV-06-204-RHW<br><br>**ORDER DENYING PLAINTIFFS' MOTION FOR NEW TRIAL** |

Before the Court is Plaintiff's Motion for New Trial (Ct. Rec. 188). The motion was heard without oral argument.

On March 7, 2008, the Court granted Defendants' Motion to Dismiss and denied Plaintiffs' Motion for Partial Summary Judgment. On March 21, 2008, Plaintiffs' filed their Motion for New Trial. Plaintiffs ask the Court to order a new trial, or in the alternative, amend the judgment because the Court erred in

**ORDER DENYING PLAINTIFFS' MOTION FOR NEW TRIAL** ~ 1

dismissing the Plaintiffs' claims.

Fed. R. Civ. P. 59 does not specify the grounds on which a motion for a new trial or motion for reconsideration may be granted, but allows new trials to be granted for historically recognized grounds. *Shimko v. Guenther*, 505 F.3d 987, 993 (9th Cir. 2007 ). "The trial court may grant a new trial only if the verdict is contrary to the clear weight of the evidence, is based upon false or perjurious evidence, or to prevent a miscarriage of justice." *Id.* (citations omitted).

"[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (quoting *389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)). It is considered an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Id*. A motion under Rule 59(e) "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Id.* (emphasis in original).

Plaintiffs have not presented the Court with newly discovered evidence or an intervening change in controlling law. Rather, Plaintiffs attempt to re-argue their position that the Court has already considered when it denied their motions for summary judgment.

Accordingly, **IT IS HEREBY ORDERED:**

1. Plaintiffs' Motion for New Trial (Ct. Rec. 188) is **DENIED**.

///
///
///
///
///

**ORDER DENYING PLAINTIFFS' MOTION FOR NEW TRIAL** ~ 2

1  **IT IS SO ORDERED.** The District Court Executive is directed to enter this
2  Order and to provide copies to counsel.
3      **DATED** this 25th day of March, 2008.

                                *s/Robert H. Whaley*

                                ROBERT H. WHALEY
                                Chief United States District Court

Q:\CIVIL\2006\Grant County Black Sands\deny.wpd

**ORDER DENYING PLAINTIFFS' MOTION FOR NEW TRIAL ~ 3**